IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                            ORDER

       v.                                     04-cr-61-bbc

ANTHONY G. MATZ

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Anthony G. Matz's supervised release was held on August 27, 2009, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Rita M. Rumbelow. Defendant was present in person and by counsel, Erica Bierma. Also present was United States Probation Officer Traci L. Jacobs.

From the record, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on August 4, 2004, following his conviction for wire fraud, in violation of 18 U.S.C. §§ 1343 and 2. This offense is a Class C felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 30 months, with a 36-month term of supervised release to follow.

Defendant began his term of supervised release on November 30, 2006. From September 2008 until August 27, 2009, defendant violated the special condition of supervision requiring him to pay restitution.

On April 17, 2009, defendant violated Standard Condition No. 6 when his employment with Burger King in Eau Claire, Wisconsin, was terminated and he failed to report his change in employment to the U.S. Probation Office. In April, May and June 2009, defendant violated Standard Condition No. 2 by failing to report to the U.S. Probation Office as directed by his supervising probation officer, failing to submit monthly report forms, and failing to call as directed for reporting instructions.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court may revoke supervised release, extend the term of supervised release or modify the conditions of supervision upon a finding of a Grade C violation.

## CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the 36-month term of supervised release imposed on defendant on August 4, 2004, will be revoked.

Defendant's criminal history category is VI. With a Grade C violation and a criminal history category of VI, defendant has an advisory guideline term of imprisonment of 8 to 14 months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term

of supervised release is revoked may not be required to serve more than two years if the offense for which a defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence below the guideline range with more stringent conditions of supervised release.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on August 4, 2004, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of one day. I order that defendant receive one day's credit for his appearance today. A 24-month term of supervised release shall follow. All standard and special conditions of supervised release previously imposed shall remain in effect with the addition of the following conditions. Defendant is to

(1) Participate for a period of 180 days in a home detention program that may include electronic monitoring or Global Positioning System (GPS) monitoring. Defendant shall not be responsible for the cost of monitoring.

(2) If not employed at a regular lawful occupation, participate in training, counseling, daily job search or other activities relating to finding or preparing for employment, all as directed by the probation officer;

(3) Refrain from incurring new credit charges, opening additional lines of credit or opening other financial accounts without the prior approval of the supervising U.S. probation officer;

(4) Pursuant to 18 U.S.C. § 3664(f)(3)(B), begin making nominal payments of a minimum of 10 percent of his net monthly income or $100 per month, whichever is greater, within 30 days of his release from custody.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 27th day of August 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge