IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                          ORDER

      v.                                        04-cr-61-bbc

ANTHONY G. MATZ,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Anthony G. Matz's supervised release was held on August 24, 2010, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Rita M. Rumbelow. Defendant was present in person and by Associate Federal Defender, Erica L. Bierma. Also present was United States Probation Officer Traci L. Jacobs.

From the record and the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on August 4, 2004, following his conviction for wire fraud, in violation of 18 U.S.C. §§ 1343 and 2. This offense is a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 30 months, with a 36-month term of supervised release to follow.

Defendant began his first term of supervised release on November 30, 2006. This term of supervised release was revoked on August 27, 2009 and defendant was committed to the custody of the Bureau of Prisons for one day with credit for his appearance in court, with a 24-month term of supervised release to follow.

Defendant began his second term of supervised release on August 27, 2009. In March 2010 and continuing through June 2010, defendant violated the special condition of supervision requiring him to pay restitution when he failed to make a single restitution payment as required. Defendant violated Special Condition No. 4 when he failed to provide copies of his Walmart card statement to the U.S. Probation Office as directed on May 10 and June 29, 2010.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court may revoke supervised release, extend the term of supervised release or modify the conditions of supervision upon a finding of a Grade C violation.

CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the 24-month term of supervised release imposed on defendant on August 27, 2009, will be revoked.

Defendant's criminal history category is VI. With a Grade C violation, defendant has an advisory guideline term of imprisonment of 8 to 14 months. The statutory maximum to which he can be sentenced upon revocation is 24 months, under 18 U.S.C. § 3583(e)(3),

which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which a defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence above the guideline range.

## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on August 27, 2009, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 18 months with no supervision to follow.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Defendant presents neither a flight risk nor a danger to the community. Therefore, execution of the sentence of imprisonment only is stayed until October 1, 2010, when defendant is to report between the hours of 10 a.m. and 2 p.m. to an institution to be designated by further court order. Defendant's release on bail and conditions of pretrial services supervision are continued until October 1, 2010.

Entered this 24th day of August, 2010.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

3